UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MILES GUPTILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 04-cv-184-B-S |
| ) | |
| F. ALLEN MARTIN, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Before the Court are four motions: (1) Defendant F. Allen Martin's Motion for Partial Summary Judgment (Docket # 14), (2) Defendant Boy Scout of America's Motion for Summary Judgment (Docket # 18), (3) Defendant Dirigo Search & Rescue Association's Motion for Summary Judgment (Docket # 19) and (4) Plaintiff Miles Guptill's Motion to Dismiss (Docket # 21). For the reasons explained below, the Court DENIES Plaintiff Miles Guptill's Motion to Dismiss (Docket # 21) and GRANTS Defendant F. Allen Martin's Motion for Partial Summary Judgment (Docket # 14), Defendant Boy Scout of America's Motion for Summary Judgment (Docket # 18), and Defendant Dirigo Search & Rescue Association's Motion for Summary Judgment (Docket # 19).

1

## I. BACKGROUND

### A. Procedural History

Plaintiff Miles Guptill filed his complaint in this matter on November 1, 2004. In that Complaint, he presses claims for Battery (Count I), Intentional Infliction of Emotional Distress (Count II) and Negligent Supervision (Count III). Guptill's claims arise out of alleged sexual abuse by Defendant F. Allen Martin that occurred back in the 1976-1977 time period. At that time, Guptill was only 13 to 14 years old and both he and Martin lived in the Orono, Maine area. Guptill's contact with Martin came largely through his involvement with the Boy Scouts and Dirigo Search & Rescue Association. Thus, Guptill's Complaint names these two organizations as Defendants and argues that these two organizations should be held vicariously liable for Martin's alleged abuse.

By agreement of the parties and with the Court's approval, the parties conducted limited discovery related to whether Guptill's claims were barred under the applicable Maine laws regarding the statute of limitations. (See Amended Scheduling Order (Docket # 13).) Following this limited discovery, all three Defendants moved for summary judgment arguing that Guptill's claims are, in fact, time barred. After reviewing these motions, Plaintiff's counsel apparently realized that Defendants' arguments had merit and responded by filing the pending motion to dismiss without prejudice. Plaintiff sought to have his motion for dismissal without prejudice ruled upon before having to respond to Defendants' motions for summary judgment. (See Pl.'s Mot. for Extension of Time Period to Respond to Defs.' Mots. For Summ. J. (Docket # 22) at 1.) However, the Court denied this request and ordered that Plaintiff file any response to the summary judgment motions in conjunction with any reply filed in support of his

motion to dismiss. (See March 3, 2005 Endorsement Order (Docket # 23).) Notably, Plaintiff has not filed a reply on the motion to dismiss or any response to the pending motions for summary judgment.

### B. The Statute of Limitations Problem

At the heart of each of the pending motions is the relevant Maine law regarding the time limits for a person to bring any claims related to any sexual abuse that he may have been subjected to as a minor. As a result of a recent 1999 amendment, there is currently no time limit under Maine law for bringing a claim based on the sexual abuse of a minor. See 14 M.R.S.A § 752-C. However, this was not the law in and around 1977, which is when Guptill (then a minor) alleges he was sexually abused by Defendant Martin. Under Maine law as it existed then, Guptill's battery claim was subject to the two year statute of limitations contained in 14 M.R.S.A § 753 and Guptill's other claims were subject to the general six year statute of limitations contained in 14 M.R.S.A § 752. Of course, Guptill was eligible to have these time limits tolled until he was no longer a minor. See 14 M.R.S.A. § 853.

In fact, Guptill reached the age of majority on January 12, 1981 and, as a result, any tolling of the statute of limitations for claims that accrued when he was a minor would have ended on that day. Thus, pursuant to 14 M.R.S.A § 753, he would have had until January 12, 1983 to bring any claim for battery. Pursuant to 14 M.R.S.A § 752, Guptill would have had until January 12, 1987 to bring any other claim that may have accrued while he was a minor. Prior to the passage of this 1987 deadline, the Maine Legislature passed a special provision that set a six year statute of limitations related to claims based upon "sexual acts towards minors." 14 M.R.S.A § 752-C. However, even

applying this special statute of limitations, Guptill would have needed to file any claims related to Martin's alleged sexual acts on or before January 12, 1987.

Section 752-C was the subject of amendments in 1989, 1991, 1993 and 1999. Through these amendments, the Maine Legislature ultimately lifted the statute of limitations for actions seeking redress for the sexual abuse of minors and thereby made it possible for adults to press claims related to abuse they may have experienced as minors. However, in passing both the 1999 amendment, which lifted any statute of limitations for claims based on sexual acts towards minors, and the earlier 1991 amendment, which had set the statute of limitations at "12 years after the cause of action accrues, or within 6 years of the time the person discovers or reasonably should have discovered the harm, whichever is later," the Maine Legislature included the following statement regarding the application of the new statute of limitations:

> This Act applies to the following actions based upon a sexual act or sexual contact with a person under the age of majority:
> 1.   All actions based on a sexual act or sexual contact occurring on or after the effective date of this Act; and
> 2.   All actions for which the claim has not yet been barred by the previous statute of limitations in force on the effective date of the Act.

Me. P.L. 1991, Ch. 551, § 2; Me. P.L.1999, Ch. 639, § 2. The net effect of this provision is simply that Guptill is not eligible to take advantage of these expansions in Maine's statute of limitations. See McAfee v. Cole, 637 A.2d 463, 465-66 (Me. 1994).

Defendants seek summary judgment for this very reason. Plaintiff seeks to avoid a summary judgment ruling and any res judicata effect it might have by asking that this Court dismiss the case without prejudice. In support of this request, Plaintiffs' counsel represents that he filed the case after reviewing the current text of 14 M.R.S.A § 752-C but not realizing that the "no limitation" statute of limitations could not be retroactively

4

applied to Guptill's claims. Plaintiff's counsel argues that justice requires a dismissal without prejudice "to allow the Plaintiff the benefit of any future changes in the existing law." (Pl.'s Mot. to Dismiss (Docket # 21) at 3.) Specifically, Plaintiff suggests that perhaps the Maine Legislature would at some point in the future "amend Section 752-C to provide for retroactivity." (Id.) Plaintiff offers no evidence that the Maine Legislature is actually considering such an amendment or that such an amendment would even be viable.

## II. DISCUSSION

Against this backdrop, the Court must consider the four pending motions. Stripped to its essence, all parties agree that the current claims are barred by the relevant statute of limitations and that the case must be dismissed. The only question is whether the case should be dismissed without prejudice or whether Defendants are entitled to a summary judgment based on the applicable statute of limitations.

### A. Plaintiff's Motion to Dismiss without Prejudice

Plaintiff's request for dismissal without prejudice is made pursuant to Rule 41(a)(2), which allows for a court to approve the voluntary dismissal "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). While the decision whether to grant a plaintiff's request pursuant to Rule 41(a)(2) lies in the discretion of the district court, the First Circuit has endorsed the following typical factors for the court's consideration: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Doe v. Urohealth Systems, Inc.,

216 F.3d 157, 160 (1st Cir. 2000) (quoting Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)).

In support of his request for a dismissal without prejudice, Plaintiff proffers that because of the current statute of limitations, Defendants "need not worry" that Plaintiff would re-file his claims "absent . . . a change in the [statute of limitations] law." (Pl.'s Mot. to Dismiss at 3.) However, Plaintiff has not cited any precedent for the proposition that a court should grant a motion to dismiss without prejudice in order to give Plaintiff an opportunity to lobby and/or await a change in the applicable law. Moreover, Plaintiff has not proffered that a retroactive change in the statute of limitations law is pending or even possible. Absent some more detailed explanation, Plaintiff's efforts to reserve the ability to bring his claims at a later date following a hypothetical retroactive change in the applicable statute of limitations appear futile to this Court. For this reason, the Court concludes that Plaintiff has not offered a sufficient explanation of his need for a dismissal without prejudice.

The Court reaches this conclusion after considering Plaintiff's request within the procedural context of this particular case. Specifically, Plaintiff did not seek a dismissal without prejudice until after Defendants filed the pending motions for summary judgment. In order to file these motions, Defendants had to engage in substantial legal research as well as limited discovery. Thus, although this case was not in the "trial preparation" stage, the Court believes that Defendants have expended significant time and resources in order to present their arguments that the present action is barred under the relevant Maine statute of limitations. In light of this procedural posture and the current state of Maine law regarding the statute of limitations for Plaintiff's claims,

6

Defendants are entitled to have the Court rule on the merits of their summary judgment motions. For this reason, the Court DENIES Plaintiff's request for a dismissal without prejudice.

### B. Defendants' Motions for Summary Judgment

Having determined that Plaintiff is not entitled to a dismissal without prejudice, the Court turns its attention to the pending motions for summary judgment. All of these motions ask the Court to enter summary judgment on behalf of each Defendant on the grounds that Plaintiff's claims are time barred under the applicable statute of limitations. As previously noted, Plaintiff filed no response to the three separate motions for summary judgment (Docket #s 14, 18 & 19) and the accompanying statements of material facts (Docket #s 15, 17 & 20). Thus, in accordance with Local Rule 56(e), the Court deems the properly supported statements of material fact admitted. In all relevant aspects, these statements yield a narrative that is the same as the narrative the Court has already laid out in the earlier background section of this Order and the Court therefore need not reiterate the facts as to which there are no genuine disputes.

Absent any filed objection to Defendants' Motions for Summary Judgment,

> [A] district court may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days. Rather, the [C]ourt must determine whether summary judgment is 'appropriate,' which means that it must assure itself that the moving party's submission shows that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'

NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7-8 (1st Cir. 2002) (quoting Fed. R. Civ. P. 56(c)). In this case, it is clear that summary judgment is "appropriate" on the record compiled by Defendants in support of their motions. Under the statute of limitations law

7

in place at the time, Guptill's deadline for filing his claims against the Defendants ran on January 12, 1987. See 14 M.R.S.A. §§ 752, 752-C & 853. Although later amendments to Section 752-C allow persons who were victims of sexual abuse as minors to pursue their claims at any time, the Legislature clearly did not intend for this expanded statute of limitations to revive claims that were already "barred by the previous statute of limitations in force" prior to the amendments. See Me. P.L. 1991, Ch. 551, § 2; Me. P.L.1999, Ch. 639, § 2. Unfortunately, Plaintiff's claims fall into this category. For this reason, the Court finds that Plaintiff's claims are time barred under the applicable Maine law and that, as a result, all three Defendants are entitled to judgment as a matter of law.

### III.   CONCLUSION

To the extent, Plaintiff's Motion to Dismiss (Docket # 21) sought a dismissal without prejudice, the Motion is hereby DENIED. Defendant F. Allen Martin's Motion for Partial Summary Judgment (Docket # 14), Defendant Boy Scout of America's Motion for Summary Judgment (Docket # 18), Defendant Dirigo Search & Rescue Association's Motion for Summary Judgment (Docket # 19) are hereby GRANTED and the Clerk is directed to enter summary judgment in favor of Defendants on all counts.

SO ORDERED.

  /s/ George Z. Singal  
George Z. Singal  
United States Chief District Judge

Dated on this 25th day of May 2005.